Ellen C. Pitcher, OSB #81445
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204
(503) 326-2123

FILED'05 FEB 08 13:12 USDC-ORP

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>)<br>)<br>DAMION HOLCOMB, )<br>)<br>Defendant. ) | CR No. 04-410 KI<br><br>PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND ORDER ENTERING PLEA. |

The defendant represents to the court:

1.  My name is Damion Holcomb. I am _26_ years old. I have gone to school up to and including the _GED (1996)_.

2.  My attorney is Ellen C. Pitcher.

Page 1 - PETITION TO ENTER PLEA OF GUILTY

3.  My attorney and I have discussed my case fully. I have received a copy of the Indictment or Information. I have read the Indictment or Information, or it has been read to me, and I have discussed it with my attorney. My attorney has counseled and advised me concerning the nature of each charge, any lesser-included offense(s), and the possible defenses that I might have in this case. I have been advised and understand that the elements of the charge(s) alleged against me to which I am pleading "GUILTY" are as follows [see instructions]: 1) previously been convicted of a crime of violence; 2) knowingly and unlawfully possessed body armor; 3) a product offered for sale in interstate commerce.

I have had a full and adequate opportunity to disclose to my attorney all facts known to me that relate to my case. I understand that the court may ask whether I am satisfied with the advice I have received from my attorney.

4.  I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offense(s) to which I am pleading guilty. I also know that if I answer falsely, under oath, and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

5.  I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason except as follows: ∅ _____

_____.

I have not taken any drugs or medications within the past seven (7) days except as

Page 2 - PETITION TO ENTER PLEA OF GUILTY

follows: ___*8*___

_____

6. I understand that conviction of a crime can result in consequences in addition to imprisonment. Such consequences include deportation, or removal from the United States, or denial of naturalization, if I am not a United States citizen; loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary or permanent depending on applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

7. I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made. I know that if I plead "NOT GUILTY" the Constitution guarantees me:

>   a. The right to a speedy and public trial by jury, during which I will be presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of twelve jurors;
>
>   b. The right to have the assistance of an attorney at all stages of the proceedings;
>
>   c. The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;
>
>   d. The right to see, hear, confront, and cross-examine all witnesses called to testify against me;

e.  The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

f.  The right not to be compelled to incriminate myself.

8. I know that if I plead "GUILTY" there will be no trial before either a judge or a jury, and that I will not be able to appeal from the judge's denial of any pretrial motions I may have filed concerning matters or issues not related to the court's jurisdiction [see instructions].

9. In this case I am pleading "GUILTY" under Rule 11(c)(1)(C). My attorney has explained the effect of my plea under Rule 11(c)(1)(C) to be as follows:

> **The parties agree that a specific sentence is the appropriate disposition of the case. Such a recommendation binds the court once the court accepts the plea agreement.**

10. I know the maximum sentence which can be imposed upon me for the crime(s) to which I am pleading guilty is **3 years imprisonment** and a fine of $250,000. I also know there is no mandatory minimum sentence.

11. I know that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $ 100 per count of conviction.

12. I know that if I am ordered to pay a fine, and I willfully refuse to pay that fine, I can be returned to court, where the amount of the unpaid balance owed on the

fine can be substantially increased by the judge and I can be imprisoned for up to one year.

13. (paragraph deleted as there is no guideline provision for this statute)

14. I know from discussion with my attorney that, under the Federal Sentencing Guidelines, if I am sentenced to prison I am not entitled to parole. I will have to serve the full sentence imposed except for any credit for good behavior that I earn. I can earn credit for good behavior in prison at a rate of up to 54 days for each year of imprisonment served. Credit for good behavior does not apply to a sentence of one year or less.

15. I know that if I am sentenced to prison, the judge will impose a term of supervised release to follow the prison sentence. During my supervised release term I will be supervised by a probation officer according to terms and conditions set by the judge. In my case, **a term of supervised release can be up to one year**. If I violate the conditions of supervised release, I may be sent back to prison for up to one year.

16. I know that in addition to or in lieu of any other penalty, the judge can order restitution payments to any victim of any offense to which I plead guilty. I am also informed that, for certain crimes of violence and crimes involving fraud or deceit, it is mandatory that the judge impose restitution in the full amount of any financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution order can be enforced by the United States

for up to twenty (20) years from the date of my release from imprisonment, or, if I am not imprisoned, twenty (20) years from the date of the entry of judgment. If I willfully refuse to pay restitution as ordered, a judge may re-sentence me to any sentence which could originally have been imposed.

17. On any fine or restitution in an amount of $2,500 or more, I know that I will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

18. If I am on probation, parole, or supervised release in any other state or federal case, I know that by pleading guilty in this court my probation, parole or supervised release may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed on me in this court.

19. If I have another case pending in any state or federal court, I know that my Petition and Plea Agreement in this case do not, in the absence of an express and written agreement, apply to my other case(s), and that I can be faced with consecutive sentences of imprisonment. **The plea agreement in this case involves a global resolution of state and federal charges.**

20. My plea of "GUILTY" is based on a Plea Agreement that I have made with the prosecutor. That Plea Agreement is attached hereto and incorporated herein.

I have read or had read to me the Plea Agreement, and I understand the Plea Agreement.

21. The Plea Agreement contains the only agreement between the United States government and me. No officer or agent of any branch of government (federal, state or local) or anyone else has promised or suggested that I will receive a lesser term of imprisonment, or probation, or any other form of leniency if I plead "GUILTY" except as stated in the Plea Agreement. I understand that I cannot rely on any promise or suggestion made to me by a government agent or officer which is not stated in writing in the Plea Agreement, or which is not presented to the judge in my presence in open court at the time of the entry of my plea of guilty.

22. My plea of "GUILTY" is not the result of force, threat, or intimidation.

23. I hereby request that the judge accept my plea of "GUILTY" to the following count(s):

1) Unlawful Possession of Body Armor

24. I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the charge(s) to which I am pleading guilty, I represent that I did the following acts and that the following facts are true [see instructions]:

Page 7 - PETITION TO ENTER PLEA OF GUILTY

*On May 15, 2004, I knowingly possessed body armor. I had previously been convicted of Assault III.*

25. I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Indictment or Information, and with a full understanding of the statements set forth in this Petition and in the Certificate of my attorney that is attached to this Petition.

SIGNED by me in the presence of my attorney, after reading (or having had read to me) all of the foregoing pages and paragraphs of this Petition on this _____ day of _____, 2005.

*Damion Holcomb*
Damion Holcomb
Defendant

## CERTIFICATE OF COUNSEL

The undersigned, as attorney for defendant Damion Holcomb, hereby certifies:

1. I have fully explained to the defendant the allegations contained in the Indictment or Information in this case, any lesser-included offense(s), and the possible defenses which may apply in this case.

2. I have personally examined the attached Petition To Enter Plea of Guilty And Order Entering Plea, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the Petition.

3. I have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty described in paragraphs (6)-(20) of the Petition, and I have also explained to the defendant the applicable Federal Sentencing Guidelines.

4. I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of the above-named defendant, and after full discussion with the defendant of the contents of the Petition To Enter Plea of Guilty, and any Plea Agreement, on this 7th day of February, 2005.

                                                                      Ellen C. Pitcher
                                                                      Attorney for Defendant

## ORDER ENTERING PLEA

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime(s) to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this __7__ of __FEB._____, 2005, in open court.

_____
Garr M. King
Judge, U.S. District Court



**U.S. Department of Justice**

*United States Attorney*
*District of Oregon*
1000 S.W. Third Avenue, Suite 600     *Office: (503)727-1031*
Portland, OR  97204-2024                      *Fax: (503) 727-1117*

January 27, 2005

Ellen Pitcher
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon  97204

      *Re: United States v. Damion Dashawn Holcomb, CR 04-410-KI*

Dear Ms. Pitcher:

      Based on an agreement previously negotiated between Mr. Holcomb, the State of Oregon through the Multnomah County District Attorney's Office, and the United States through the United States Attorney for the District of Oregon, it is understood that Mr. Holcomb will be entering a plea of guilty to the pending charge of being a felon in possession of "body armor," in violation of Title 18, United States Code, Section 931.

      Although the offense of conviction is punishable by a maximum penalty of 36 months imprisonment (18 U.S.C. § 924(a)(7)), a $250,000 fine, and a period of supervised release of up to one year, in accordance with the "global" agreement reached among the parties, it has been agreed that a sentence of 20 months imprisonment, to be followed by a one-year term of supervised release is the most reasonable sentence. In accordance with 18 U.S.C. § 3013, Mr. Holcomb will also be required to pay a fee assessment of $100. The parties will request the waiver of a "presentence" report and ask the court to proceed to imposed sentence immediately following the entry of the guilty plea.

      Mr. Holcomb will be entering his guilty plea pursuant to Fed. R. Crim. P. 11(c)(1)(C), consequently, should the court indicate an unwillingness to impose the sentence of 20 months agreed upon by the parties, he would be permitted to withdraw his guilty plea.

      If the court chooses to impose the agreed upon sentence of 20 months imprisonment, the imposition of sentence will represent a final resolution of both the federal case and all related and potentially pending charges in Multnomah County as set out in Multnomah County Circuit Court case number 0405-32738. If the court imposes the recommended sentence of 20 months, Mr. Holcomb will waive his right to appeal from any aspect of the conviction and sentence, and also waive his right to file a motion pursuant to 28 U.S.C. § 2255 to set aside the conviction and sentence, except on grounds of ineffective assistance of counsel, newly discovered evidence, or a retroactive change in the law applicable to the calculation of sentence.

      Mr. Holcomb must agree to abandon and waive any legal interest he has to the "body armor" which is the subject of the offense of conviction.

Except as set forth herein, there are no promises, understandings, or agreements between the parties; nor may any additional agreement, understanding, or condition be entered into unless in a writing signed by all parties or on the record in court.

This agreement is effective upon signature by defendant and Assistant United States Attorney, Michael J. Brown. Please return a signed copy upon acceptance by Mr. Holcomb and also attach a signed copy to the plea petition.

> Respectfully,
> KARIN IMMERGUT
> United States Attorney
>
> */s/ Michael J. Brown*
> MICHAEL J. BROWN
> Assistant U.S. Attorney

I HAVE READ THIS AGREEMENT CAREFULLY AND REVIEWED EVERY PART OF IT WITH MY ATTORNEY MS. PITCHER. I UNDERSTAND THE PROPOSAL AND VOLUNTARILY AGREE TO PLEAD GUILTY ON THE TERMS OUTLINED.

2/7/05
DATE

*/s/ Damion Holcomb*
DAMION DESHAWN HOLCOMB
Defendant

2/7/05
DATE

*/s/ Ellen Pitcher*
ELLEN PITCHER
Counsel for Defendant

*Holcomb Plea Letter, page 2 of 2*